No. 54898.—Abercrombie & Fitch Co. et al. *v.* United States, protests 159552–K, etc. (New York).

Opinion by LAWRENCE, J.   The protests were dismissed.

No. 54899.—John Effinger *v.* United States, protest 120499–K (Honolulu).

Opinion by RAO, J.   In accordance with stipulation of counsel that the merchandise is the same in all material respects as that involved in Abstract 52477, the claim at 33⅓ percent under paragraph 412 was sustained.

No. 54900.—Crompton-Richmond Company, Inc. *v.* United States, protest 162344–K (New York).

Opinion by RAO, J.   When the case was called for trial there was no appearance on the part of the plaintiff.   Counsel for the Government moved to dismiss the protest on the ground that it was untimely.   An examination of the official papers revealed that more than 60 days elapsed between the date of liquidation of the entry and the date of the filing of protest.   The protest was therefore dismissed as untimely.

No. 54901.—Crompton-Richmond Company, Inc. *v.* United States, protest 162345–K (New York).

Opinion by RAO, J.   When the case was called for trial there was no appearance on the part of the plaintiff.   Counsel for the Government moved to dismiss the protest on the ground that it was untimely.   An examination of the official papers revealed that more than 60 days elapsed between the date of liquidation of the entry and the date of the filing of protest.   The protest was therefore dismissed as untimely.

No. 54902.—Fuchs Shoe Corp. *v.* United States, protests 163831–K and 164186–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects

to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 54903.**—Fuchs Shoe Corp. *v.* United States, protest 164187–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 54904.**—Fuchs Shoe Corp. *v.* United States, protests 164188–K, 164190–K, and 165067–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 30, 1950

**No. 54905.**—Leacock & Co., Inc. *v.* United States, protest 130715–K (New York).

Opinion by EKWALL, J.   It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entry for the date of exportation of the merchandise covered by the entry and that the circumstances relating to the liquidation of the said entry are similar in all material respects to those in Abstract 54732.   In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 54906.**—American Thermo-Ware Company, Inc. *v.* United States, protest 151792–K (New York).